# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Docket No. 3:13-CR-89-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SARMA PINGALI, ) | |
| ) | |
| Defendant. ) | |

**This Matter** is before the Court upon Defendant Sarma Pingali's ("Defendant") Motion to Dismiss Counts One, Four, Five, and Six, or, alternatively for a Bill of Particulars as to all counts. (Doc. No. 33). Having reviewed the record and the applicable authority, for the reasons set forth below, Defendant's Motion is DENIED

On March 20, 2013, Defendant was indicted by a Grand Jury in the Western District of North Carolina. The Indictment is a "speaking indictment" and charges Defendant with five counts arising out of an alleged conspiracy to violate federal immigration law. Specifically, Defendant is charged in Count One with conspiracy to falsify immigration documents, to knowingly employ unauthorized aliens in the United States, and to recruit unauthorized aliens for employment in the United States for a fee. Defendant is charged in Count Two with knowingly presenting immigration documents which contained a false statement, or aiding and abetting. Defendant is charged in Count Four with knowingly hiring at least ten unauthorized aliens for employment in the United States. Defendant is charged in Count Five with recruiting for a fee unauthorized aliens in the United States. Defendant is charged in Count Six with conspiracy to commit money laundering.

Defendant filed the instant Motion on January 27, 2014, to dismiss Counts One, Four,

1

Five, and Six, or, in the alternative, requesting the Government to file a bill of particulars to supplement all counts.

Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The Supreme Court has stated that:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

Hamling v. United States, 418 U.S. 87, 117 (1974) (internal citations omitted). Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to move for dismissal pre-trail (or at any time while the case is pending) if an indictment fails to state an offense. Fed.R.Crim.P. 12(b)(3)(B). Additionally, the Fourth Circuit has held has sufficient indictments that do not allege specific acts in violation of the cited statute. See, e.g., United States v. American Waste Fibers Co., 809 F.2d 1044, 1046-47 (4th Cir. 1998); United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986); and United States v. Kelley, 462 F.2d 372, 374 (4th Cir. 1972).

However, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d 659, 660 (3d. Cir. 2000) (citing United States v. Knox, 396 U.S. 77, 83 n. 7 (1969)). At this stage, the question is not whether the Government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the offense charged. United States v. Sampson, 371 U.S. 75, 78-79 (1962).

Defendant argues that with regards to Counts One, Four, Five, and Six the allegations are

either too vague to put Defendant on notice of the factual basis for the allegations, or contain allegations that are not sufficient to set forth an offense. Having reviewed the Indictment and applicable legal standards, the Court concludes that the Defendant's arguments are not persuasive. The Court finds that the Defendant's Motion goes to the sufficiency of the Government's evidence as opposed to the sufficiency of the Indictment, and therefore Defendant's argument is without merit.

Turning to Defendant's Motion for a Bill of Particulars, the Court notes at the outset that Federal Rule of Criminal Procedure 7(f) requires a defendant to file a motion for a bill of particulars within 14 days of arraignment, unless the Court allows an extension. No extension was requested in this case and Defendant was arraigned on June 17, 2013. Accordingly this Court denies this Motion as being untimely. Moreover, even if this Motion were not untimely, the Government has maintained an open file policy from which the details of the alleged offenses can be gleaned, and therefore gives Defendant adequate notice of the charges. See United States v. Amend, 791 F.2d 1120, 1126, (4th Cir. 1986); United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979). Contrary to Defendant's assertion, the Government's only obligation is to provide Defendant with discovery and not to direct to Defendant to certain documents within those materials. Accordingly, Defendant's Motion for a Bill of Particulars is denied.

For the reasons previously states, Defendant's Motion (Doc. No. 33) is DENIED.


IT IS SO ORDERED.

Signed: January 28, 2014

Frank D. Whitney
Chief United States District Judge